NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TYRONE SMITH,                           :
                                            Civil Action No. 08-5109 (DMC)
        Petitioner,      :

        v.                    :         **OPINION**

MR. BERNARD GOODWIN, et al.,    :

        Respondents.     :

APPEARANCES:

Petitioner pro se
Tyrone Smith
Adult Diagnostic & Treatment Center
8 Production Way
Avenel, NJ 07001

**CAVANAUGH**, District Judge

    Petitioner Tyrone Smith, a prisoner currently confined at the Adult Diagnostic and Treatment Center at Avenel, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The named respondents are Superintendent Mr. Bernard Goodwin and the Attorney General of New Jersey.

---

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Because it appears from a review of the Petition that Petitioner may not be entitled to issuance of the writ at this time, the Court will order Petitioner to show cause why the Petition should not be dismissed without prejudice. See 28 U.S.C. § 2243.

I. BACKGROUND

A. Factual Background

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[2]

> Defendant, forty-four years old at the time of trial, had worked at the PAL for twenty-three years and had coached football and wrestling there from 1980 to 1993, and again in 1997. Between 1989 and 1994, the six boys played football or wrestled for the PAL where they were coached and befriended by defendant. In those years, mostly between 1991 and 1992, the boys were invited to stay overnight at defendant's home on numerous occasions, most of which preceded next-day scheduled sporting events. It was during these overnight stays that defendant sexual[ly] assaulted the boys, generally without the knowledge of the others. Defendant instructed the boys not to tell anyone about the assaults and bestowed gifts of cash and clothing upon them. It was not until 2001, when several of the boys read a newspaper article concerning an unrelated child sexual abuse case, that the boys spoke to each other about defendant's assaults and reported the incidents to the police. After defendant was arrested, he admitted that the boys had slept over at his home but denied sexually molesting them.

---

[2] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

2

State v. Smith, 2007 WL 162219, *2, Ind. No. 02-04-0595 (N.J. Super. App. Div. Jan. 24, 2007).

B.   Procedural History

Following a jury trial, Petitioner was found guilty of a variety of charges related to the sexual molestation of three boys who were between the ages of eleven and thirteen at the time of the assaults. On July 14, 2003, Petitioner was sentenced to an aggregate term of imprisonment of 59 years.

On direct appeal, Petitioner raised the following claims:

POINT I.
THE TRIAL COURT'S FAILURE TO INSTRUCT THE JURY ON FACTORS RELEVANT TO DETERMINING WHETHER THE DEFENDANT HAD "SUPERVISORY OR DISCIPLINARY" POWER OVER THE VICTIMS AND WHETHER THE DEFENDANT STOOD "IN LOCO PARENTIS" TO THE VICTIMS DEPRIVED DEFENDANT OF A FAIR TRIAL.

POINT II.
THE TRIAL COURT DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE BY PRECLUDING THE DEFENDANT FROM PRESENTING EXCULPATORY EVIDENCE PURSUANT TO N.J.R.E. 804(B)(1)(a).

POINT III.
PROSECUTORIAL MISCONDUCT DEPRIVED DEFENDANT OF HIS DUE PROCESS RIGHT TO A FAIR TRIAL.

POINT IV.
IMPOSITION OF CONSECUTIVE PRISON TERMS ABOVE THE PRESUMPTIVE [TERMS] VIOLATES DEFENDANT'S CONSTITUTIONAL RIGHTS TO TRIAL BY JURY AND DUE PROCESS OF LAW.

POINT V.
THE IMPOSITION OF CONSECUTIVE SENTENCES IS CONTRARY TO THE PRINCIPLES OF STATE V. YARBOUGH, 100 N.J. 627 (1985), CERT. DENIED, 475 U.S. 1014, [106 S. CT. 1193, 89 L. ED.2D 308] (1986).

POINT VI.

```
THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING
DEFENDANT TO AN AGGREGATE FIFTY-NINE YEAR TERM BECAUSE
A QUALITATIVE WEIGHING OF THE AGGRAVATING AND
MITIGATING FACTORS DOES NOT SUPPORT SUCH A SENTENCE.

[Petitioner raised the following claims pro se.]

POINT I.
THE TRIAL COURT [ABUSED] ITS [DISCRETION] IN NOT
ORDERING INDIVIDUAL VOIR DIRE, AND BY NOT ORDERING A
MISTRIAL AND IN FAILING TO APPLY THE PRESUMPTION OF
PREJUDICE BECAUSE THE JURY VOIR DIRE, ALTHOUGH REMEDIAL
AND PROPH[Y]LACTIC, WAS UNABLE TO CURE THE INHERENT
PREJUDICE ASSOCIATED WITH JUROR SIX AND THE JURY AS A
WHOLE READING AND [HAVING] THE NEWSPAPER HEADLINE
ENTITLE[D] ["]EX-FOOTBALL COACH[ ]" AND [CONTAINED A
"FULL BLOWN" PICTURE OF DEFENDANT] IN HANDCUFFS DURING
TRIAL.

POINT II.
PROSECUTORIAL MISCONDUCT DEPRIVED THE DEFENDANT OF HIS
RIGHT TO A FAIR TRIAL "BY SECURING PERJURED [TESTIMONY]
FROM 404B WITNESS [] (T.S.).
```

State v. Smith, 2007 WL 162219 at *1-2.[3]

The Appellate Division vacated the sentences imposed on Counts Seventeen and Twenty-Five, and remanded for re-sentencing, pursuant to Blakely v. Washington, 542 U.S. 296 (2004) and State

---

[3] This Court will take judicial notice of the dockets and opinions of other courts in cases related to this Petition. See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity). See also 28 U.S.C. § 2254(e)(1) (in a § 2254 habeas proceeding, barring rebuttal by clear and convincing evidence, factual determinations made by state courts are presumed to be correct).

v. Natale, 184 N.J. 458 (2005).[4] In all other respects, the Appellate Division affirmed the conviction and sentence. On July 23, 2007, the Supreme Court of New Jersey denied certification. State v. Smith, 192 N.J. 296 (2007).

On a date not specified in the Petition, Petitioner filed a motion for post-conviction relief ("PCR") in the trial court. Petitioner states that he asserted the following claims for relief in his state PCR motion: (1) ineffective assistance of counsel; (2) defendant was denied his right to present a defense; (3) prosecutorial misconduct; (4) jury charge due to ineffective counsel; (5) denied fair trial due to cumulative errors; (6) entitlement to an evidentiary hearing; (7) entitlement to discovery; (8) witness tampering; (9) subornation of perjury; (10) perjury.

According to the allegations of the Petition, the state PCR motion remains pending before the trial court.

This Petition, dated October 14, 2008, followed. Here, Petitioner raises the following grounds for relief: (1) ineffective assistance of trial, appellate, and PCR counsel; (2) prosecutorial misconduct; (3) judicial misconduct (including such matters as alleged errors in evidentiary rulings, refusal to provide transcripts, a jury verdict against the weight of the

---

[4] Petitioner does not state whether the re-sentencing has been completed.

evidence); (4) deprivation of due process right to a fair trial as the result of cumulative errors.

## II. ANALYSIS

A. Standards for Sua Sponte Dismissal

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

B.  The Exhaustion Requirement

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

It is appropriate for this Court to raise, sua sponte, the question whether the exhaustion requirement has been met. See Granberry v. Greer, 481 U.S. 129 (1987); 28 U.S.C. § 2254(b)(3).

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

7

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. Id. at 277.

Nevertheless, the Court of Appeals for the Third Circuit has stated that, "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987). However, discovery and an evidentiary hearing should not be made available to a habeas petitioner who claims relief from the exhaustion rule "unless the petitioner sets forth facts with sufficient specificity that the district court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are appropriate." Id. at 186. "[T]he allegations of exhaustion must be at least as specific with respect to the facts allegedly excusing exhaustion as is required for allegations alleging constitutional deprivation as the basis for the habeas petition." Id. at 187.

Here, state law provides judicial direct appeal and collateral review processes applicable to Petitioner's claims. See, e.g., New Jersey Court Rules 3:22 (Post-Conviction Relief). Here, Petitioner appealed, but if the recitation of the issues raised on appeal, contained in the opinion of the Appellate Division, is accurate, Petitioner did not raise on direct appeal all of the issues raised in the Petition here. At the very least, Petitioner has not raised before the state's highest court

his claims regarding ineffective assistance of counsel, claims that are pending now before the trial court.

As a matter of comity, it is best left to the New Jersey courts to determine if they can entertain a habeas petitioner's unexhausted claims. District courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies").

The exhaustion requirement is a "total exhaustion" rule; that is, all claims presented in the federal habeas petition must have been exhausted in state court. Rose v. Lundy, 455 U.S. 509 (1982). At the time Lundy was decided, there was no statute of limitations on the filing of federal habeas petitions. The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions,[5] however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be

---

[5] See 28 U.S.C. § 2244(d).

10

made.'" Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)). Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court. "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." Crews, 360 F.3d at 151. Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally

11

>dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. ... For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court. If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

Here, Petitioner has presented an apparently "mixed" petition. However, this Court does not presently have before it sufficient information to determine whether a stay is appropriate. Accordingly, Petitioner will be ordered to show cause why the Petition should not be dismissed, or stayed, for failure to exhaust his state remedies. In responding, Petitioner

should advise this Court of the date when he filed his state PCR motion, and confirm its present status, so that this Court can determine the effect of that motion on the federal habeas limitations period.

### III. CONCLUSION

For the reasons set forth above, Petitioner will be ordered to show cause why the Petition should not be dismissed or stayed. An appropriate order follows.

/s/ Dennis M. Cavanaugh
Dennis M. Cavanaugh
United States District Judge

Dated: 12/19/08

13